**UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **TERRY & SUSAN CATLETT,** | ) | **Case No. 25-50359-can11** |
| | ) | |
| **Debtors.** | ) | |

**UNITED STATES TRUSTEE'S OBJECTION TO FINAL APPLICATION
FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT
OF EXPENSES BY WM LAW**

Acting United States Trustee  Jerry L. Jensen, by and through counsel, respectfully

objects under 11 U.S.C. §§ 328, 329, and 330 to the Amended Initial and Final Application for

Allowance of Compensation and Reimbursement of Expenses (the "Final Fee Application") filed

by WM Law (Doc. #35). In support of this objection, the United States Trustee alleges as

follows:

**Jurisdiction, Venue, and Procedural Background**

1.   The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b), 157(a),

and 157(b)(1).

2.  This motion is a contested matter under Bankruptcy Rule 9014.

3.  This proceeding is a constitutionally and statutorily core proceeding under 28 U.S.C.

§ 157(b)(2)(A).

4.  To the extent that WM Law denies that this proceeding is constitutionally or statutorily

core, and the Court so finds, the United States Trustee consents to the entry of final

orders and judgment by the Bankruptcy Court in accordance with Local Rule 7001-1.

5.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. On October 10, 2025, the Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code.

7. On November 26, 2025, WM Law filed its Amended Application for Employment and Preliminary Approval of Fee Arrangement ("Employment Application").   See CM/ECF Doc. #25.

8. The Employment Application stated that the Debtors paid WM Law a retainer of $20,000 prior to the case filing, that $2,135 had been applied to pre-petition invoices for expenses, $1,738 had been used to pay the Chapter 11 filing fee and that WM Law was holding the remaining $16,127 in its trust account.

9. On December 16, 2025, the Court entered an Order approving the Debtors' application to retain WM Law as counsel under § 327(a).   *See* CM/ECF Doc. #27.

10. On February 3, 2026, WM Law filed its Final Fee Application seeking approval of total fees of $6,632.50 and expenses of $0. *See* CM/ECF Doc. #35.

11. As support for the amounts claimed in the Final Fee Application, WM Law attached as Exhibit A invoices for September 5, 2025, to January 19, 2026. Having reviewed the invoices, the UST notes the following issues:

    a. The first invoice attached is dated 10-1-25 for service through 9-30-25.   It shows a previous unpaid balance of $1,102.50. Invoices covering periods prior to 9-30-25 showing how this unpaid balance was calculated should have been attached.[1]

    b. The invoices are inconsistent with the narrative in the Employment Application.   Specifically, the Employment Application says that WM Law received

---

[1] The UST reached out to counsel for the Debtor who provided the missing invoice #10154 for the period Aug. 18-26, 2025.   A copy of this invoice is attached to this objection as Exhibit A.

a retainer of $20,000 and used $2,135 for pre-filing expenses and $1,738 to pay the filing fee.   However, there are NO payments or credits reflected on the attached invoices, which show a total balance due of $10,505.50 as of 1-22-26.[2]

c. Finally, there is a discrepancy between Invoice 10161, which covers work through 9-30-25, and Invoice 10170, which covers work through 10-31-25.   Invoice 10161 shows a total balance of $1,522.50, but Invoice 10170 (the next sequential invoice) shows a previous balance of $3,873.   This is an extra $2,350.50 that is unaccounted for in any of the invoices.

## Legal Standards for Award of Fees

12. Section 330(a) permits the award of "reasonable compensation for actual, necessary services rendered by the . . . attorney . . ." as well as "reimbursement for actual, necessary expenses."   11 U.S.C. § 330(a)(1)(A) & (B).

13. Determining the amount of reasonable compensation requires consideration of "the nature, the extent, and the value of such services, considering all relevant factors, including –

     (A) the time spent on such services;

     (B) the rates charged for such services;

     (C)  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

     (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the

---

[2] The difference between the $10,505.50 on Invoice 10182 and the $6,632.50 being sought is the $2,135 and $1,738 referenced in Doc. #25, but the Employment Application says the funds were already applied to the balances owing when the invoices clearly show they were not.

problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

14. Professional fees and expenses are only compensable to the extent they have benefitted the bankruptcy estate. *In re Kohl*, 95 F.3d 713, 714 (8th Cir. 1996).

15. Judges are justified in relying on their own knowledge of customary rates and experience concerning reasonable and proper fees, without the need for independent evidence. *Bachman v. Pelofsky (In re Peterson),* 251 B.R. 359, 365 (8th Cir. BAP 2000).

16. The professional bears the burden of establishing his or her entitlement to compensation. *In re Kroh Bros. Dev. Co.,* 105 B.R. 515, 522 (Bankr. W.D. Mo. 1989).

17. The professional must demonstrate that the compensation and expenses sought are actual, reasonable, and necessary. *In re Meyer*, 185 B.R. 571, 574 (Bankr. W.D. Mo. 1995); *see also In re Tarkio College*, 195 B.R. 424, 430 (Bankr. W.D. Mo. 1996) (describing standard).

### Objection to Fees

18. In this case, there is no doubt that WM Law provided legal services to the Debtors for which it is deserving of compensation. The problem in this case is reconciling the inconsistencies between the Employment Application, the Final Fee Application and the invoices in order to determine the reasonable and proper amount.

4

19. First, the Employment Application contained representations concerning payment of pre-petition fees and expenses that appear to be false, as the invoices do not reflect any such payments.

20. Second, the invoices seek payment of $2,350.50 in fees for which there are no time entries. Without time entries detailing the services provided and the time spent, compensation cannot be granted.

21. Until WM Law provides a reasonable and valid explanation for the inconsistencies in the pleadings filed with this Court and detailed time entries for all work performed in the case, they should not be granted compensation.

WHEREFORE, for all the foregoing reasons, the United States Trustee respectfully requests the Court's order denying the Final Fee Application and for such further relief as may be just and proper.

Date: February 9, 2026                    Respectfully submitted,

JERRY L. JENSEN
ACTING UNITED STATES TRUSTEE

By: */s/ Jill D. Parsons*
Jill D. Parsons      MO #49835
ASSISTANT UNITED STATES TRUSTEE
Office of the U.S. Trustee
400 East 9th St., Ste 3440
Kansas City, MO 64106
Telephone: (816) 512-1943
Email: jill.parsons@usdoj.gov

5

<u>CERTIFICATE OF MAILING</u>

I hereby certify that a copy of the United States Trustee's Objection to the Final Application for Allowance of Compensation and Reimbursement of Expenses of WM Law was served upon all parties receiving electronic notification and upon the following parties electronically or by first-class mail, postage prepaid, this 9th day of February 2026:

*<u>/s/ Jill D. Parsons</u>*
Jill D. Parsons

**WM Law**
15095 W. 116th St
Olathe, KS 66062
Phone: 913-422-0909
Fax: 913-428-8549
Email: pilarperez@wagonergroup.com



**Terry & Susan Catlett**
6687 NW Sharp Rd
King City, MO 64463
Phone: 816-284-2157 (Terry)
Email: catletttrucking@yahoo.com

| Invoice Date | Invoice Number |
|---|---|
| 08/29/2025 | 10154 |
| **Terms** | **Service Through** |
| | 08/29/2025 |

### Billing Summary

| | |
|---|---|
| **Total Hours** | 3.30 hrs |
| **Total Labor** | $1,102.50 |
| **Total Invoice Amount** | $1,102.50 |
| **Previous Balance** | $0.00 |
| **Balance (Amount Due)** | **$1,102.50** |

**In Reference To: Terry & Susan Catlett M11**

**Chapter 11. possible Sub V.**

**Labor**

| Date | By | Services | Hours | Rate | Amount |
|---|---|---|---|---|---|
| 08/18/2025 | Ryan Blay | client meeting to prepare for Chapter 11 filing and go over needed documents. Access credit reports and identify ongoing litigation | 1.50 | $ 350.00/hr | $525.00 |
| 08/18/2025 | Ryan Blay | begin workup by imputting creditors and judgments | 1.50 | $ 350.00/hr | $525.00 |
| 08/26/2025 | Rosana Tovalin | Called through rep on behalf of progressive insurance for a bill owed by the trucking business. Request for case number upon filing | 0.30 | $ 175.00/hr | $52.50 |

| | | |
|---|---|---|
| **Total Hours** | 3.30 hrs |
| **Total Labor** | $1,102.50 |
| **Total Amount** | $1,102.50 |